UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA MASON, *a person who lacks legal capacity to make decisions, by and through her guardian ad litem, Karen Archibeque*,<br><br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, *et al.*,<br><br>Defendants. | Case No.   1:20-cv-00859-EPG<br><br>ORDER APPROVING SETTLEMENT<br><br>(ECF Nos. 42, 43) |

This matter is before the Court on the application by Plaintiff Cassandra Mason, brought through her guardian ad litem, Karen Archibeque (Plaintiff's mother), to approve the parties' settlement in this case. (ECF Nos. 42, 43). The parties have consented to proceed before the undersigned for all proceedings in this case. (ECF No. 26).

Having considered the application, the terms of the settlement, and the record in this matter, the Court finds the proposed settlement to be fair and reasonable and in Plaintiff's best interest. Thus, the Court will approve the settlement.

**I.    BACKGROUND**

On June 22, 2020, Defendant removed this case from the Stanislaus Superior Court. (ECF No. 1). In the state court complaint, Plaintiff sued Defendant Union Pacific Railroad and Does 1 through 100, alleging that, because of Defendants' negligence, she was injured after being struck

by railroad equipment. (ECF No. 43, pp. 15-18).

In March 2022, the parties participated in a settlement conference before Magistrate Judge Dennis M. Cota and reached a settlement in principle. (ECF No. 36, p. 2). Plaintiff thereafter obtained initial approval of the settlement in state court. (ECF No. 43, pp. 70-74). On July 27, 2023, Plaintiff, through her guardian ad litem, filed an application to approve the settlement agreement along with the supporting declaration of her Attorney, Paul R. Scheele. (ECF Nos. 42, 43). On September 28, 2023, the Court held a hearing on the application, and after learning that Plaintiff's guardian ad litem was uncertain as to the reasonableness of the settlement, directed the parties to confer further. (ECF Nos. 45, 46).

Ultimately, the case was referred to Magistrate Judge Jeremy D. Peterson for a confidential conference with the parties. (ECF No. 48). On November 14, 2023, the parties appeared before Judge Peterson, and Plaintiff's counsel "advised the [C]ourt that his client wished to proceed with the settlement." (ECF No. 50).

Accordingly, the Court held another hearing on the application to approve the settlement on December 4, 2023. (ECF No. 51). At the hearing, the Court questioned Plaintiff's guardian ad litem, who confirmed that she had spoken to counsel about the risks and benefits associated with settlement, that she had enough information to determine whether the settlement was reasonable, and that she wished to proceed with the settlement.

## II.     TERMS OF THE SETTLEMENT

Defendant has agreed to pay Plaintiff $50,000. (ECF No. 43, p. 71). From this amount, $16,666.66 (or a 1/3 contingency fee) will be deducted for attorney fees, $3,265.85 will be deducted for case expenses, and $14,508.43 will be deducted for medical expenses that Plaintiff incurred. (*Id.*). This will leave a net total of $15,559.06 payable to Manuel Archibeque[1] for the benefit of Cassandra Mason. (*Id.* at 72).

The declaration from Attorney Scheele in support of the settlement states that "[l]iability was highly dispute in this case." (ECF No. 43, p. 53). The parties conducted extensive discovery and settled the case at the conference before Judge Cota. (*Id.*). Counsel has been a member in

---

[1] At the hearing, it was represented that Manuel Archibeque is Plaintiff's stepfather. (*See also* ECF No. 43, p. 67).

good standing with the California Bar since 2005 and has specialized in personal injury work since 2009. (*Id.*). Counsel believes the settlement is reasonable, appropriate, and fair. (*Id.* at 54).

### III.  LEGAL STANDARDS

Local Rule 202 governs approval of an incompetent person's settlement. It states, in relevant part:

> (b) Settlement. No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> (1) Initial State Court Approval. In actions in which the minor or incompetent is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative. Following such approval, a copy of the order and all supporting and opposing documents filed in connection therewith shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing.
>
> (2) Approval in All Other Actions. In all other actions, the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230. The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(1)-(2). Additionally, under Local Rule 202(e),

> Whenever money . . . is recovered on behalf of a . . . incompetent person, the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor[.]

*Id.* at 202(e).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard the interests of litigants who are incompetent persons. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  The court's special duty requires it to "conduct its own inquiry to

3

determine whether the settlement serves the best interests of the [incompetent person]." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see Smith v. City of Stockton*, 185 F. Supp.3d 1242, 1243-44 (E.D. Cal. 2016) (although *Robidoux* concerned a minor, applying *Robidoux* to a disabled adult plaintiff). In this inquiry, the district court is required to evaluate "whether the net amount distributed to each [incompetent] plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the [incompetent person's] specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182.

## IV.     DISCUSSION

Plaintiff has attached a state court order from the Stanislaus Superior Court approving the settlement. (ECF No. 43, pp. 70-74). Accordingly, the Court concludes that Local Rule 202(b)(1), which requires initial state court approval of the settlement, has been satisfied.

Moreover, the application, through the declaration of counsel and corresponding attachments, discloses the following information under Local Rule 202(b)(2): Plaintiff is an adult woman who lacks the legal capacity to make decisions; the cause of action involves a general negligence claim concerning Plaintiff being struck by railroad equipment and suffering personal injury; an explanation of the basic facts concerning the claim; an overview of how the case was settled at a settlement conference; and that Plaintiff has suffered some permanent injuries. (*Id.* at 1, 15, 17, 18, 21, 52-53).

As to whether the net settlement amount is fair and reasonable in light of the facts of the case and claim, it appears based on counsel's representations, that the issues were highly disputed and the parties ultimately determined, after conducting extensive discovery, that a settlement was in the best interests for all involved. Plaintiff will ultimately receive $15,559.06 after the deduction of attorney fees, case expenses, and medical expenses.

Additionally, the Court gives weight to the fact that the settlement was reached following a court-facilitated settlement conference and that the Stanislaus Superior Court has initially approved the settlement. Moreover, the Court notes that all the parties, including Plaintiff's guardian ad litem, have stated that they support this settlement agreement.

Based on these circumstances, the Court concludes that the settlement is fair and reasonable for Plaintiff.

4

## V. ORDER

Based on the above, IT IS ORDERED that Plaintiff's application for approval of the settlement (ECF Nos. 42, 43) is approved. By no later than February 19, 2024, Plaintiff's counsel shall issue payment of $15,559.06 by check or draft payable to the order of Manuel Archibeque for the benefit of Cassandra Mason.[2] By no later than March 11, 2024, the parties shall file an appropriate dispositional document to close this case.

IT IS SO ORDERED.

Dated: **December 21, 2023**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] If Plaintiff's counsel needs additional time to issue the payment, counsel may file a motion explaining the grounds for the extension and proposing a new date to issue the payment.